# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRY M. NELSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1200 CAS |
| | ) | |
| ACORN STAIR & WOODWORK, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant AS & W, LLC. Plaintiffs' motion is accompanied by affidavits and exhibits. Also before the Court is defense counsel's motion to withdraw as counsel for defendant AS & W, LLC. For the following reasons, the Court will grant plaintiffs default judgment in the amount of $19,594.31, and deny as moot defense counsel's motion to withdraw.

### *Procedural and Factual Background*

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1451. Plaintiffs, who are trustees of the Carpenters' Pension Trust Fund of Saint Louis ("Pension Trust"), seek to collect withdrawal liability from defendant AS & W, LLC.

Plaintiffs originally brought suit against defendants Acorn Stair & Woodwork, Inc. ("Acorn Stair") and Lawrence E. Pecor, IV, an individual d/b/a Acorn Stair. Plaintiffs alleged that defendants Acorn Stair and Pecor were employers within the meaning of ERISA, 29 U.S.C. §1002(5), and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. §§152(2), (6) and (7). According to the original Complaint, Acorn Stair was dissolved as a Missouri corporation for failure to file its annual report, but defendant Pecor, who was an officer and director, continued to conduct business in the name of Acorn Stair after its corporate dissolution. Plaintiffs alleged that defendants Acorn Stair and Pecor experienced a "partial withdrawal" from the Pension Trust during the plan year ending April 30, 2011. The Pension Trust actuarial consultants computed that defendants had withdrawal liability of $19,302.00, and the Pension Trust issued a withdrawal liability assessment to defendants in this amount, which defendants neither disputed nor paid. In the original Complaint, plaintiffs sought a judgment against defendants Acorn Stair and Pecor in the amount of $19,302.00, plus interest, unspecified liquidated damages, attorneys' fees and costs.

On September 18, 2015, Pecor filed an answer to the Complaint. Defendant Acorn Stair did not respond to the original Complaint in a timely manner. On September 28, 2015, plaintiffs filed a First Amended Complaint. Plaintiffs added defendant AS & W, LLC as a defendant, but Lawrence E. Pecor, IV was not named as a defendant in plaintiffs' First Amended Complaint. The allegations in the First Amended Complaint were nearly identical to the original Complaint, with the notable exception that defendant AS & W, LLC was alleged to be an employer within the meaning of ERISA and the LMRA. Defendant AS & W, LLC was alleged to be "a disguised continuation of, and alter ego of, defendant Acorn Stair & Woodwork, Inc., and is therefore liable for amounts owed by Acorn Stair & Woodwork, Inc." Doc. 9 at 2. Plaintiffs further alleged that defendant AS & W, LLC was liable for $19,302.00 in withdrawal liability.

Defendants did not respond to the First Amended Complaint in a timely manner. Instead, Larry Pecor, III, filed two motions to dismiss, which were out of time, on behalf of defendants

Acorn Stair and AS & W, LLC. The Court ordered that both motions be stricken from the record because Larry Pecor, III, was not a licensed attorney, and he could not represent corporate entities without a law license. Moreover, the motions were untimely.

In an Order dated December 1, 2015, the Court directed plaintiffs to file, on or before December 15, 2015, a motion for default judgment as to defendants Acorn Stair and AS & W, LLC. In that Order, plaintiffs were warned that failure to comply would result in dismissal of these parties without prejudice. Plaintiffs requested and were granted three extensions of time to file for default judgment. In the meantime, on March 15, 2016, attorneys Randall Grady and Joseph D. Schneider entered appearances on behalf of defendant AS & W, LLC, only. Defense counsel filed a consent motion for leave to file defendant AS & W, LLC's answer to the First Amended Complaint out of time, which the Court granted.

Plaintiffs never filed a motion for default judgment as to defendant Acorn Stair. On May 18, 2016, defendant Acorn Stair was dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In July 2016, plaintiffs moved to amend their complaint in order to allege two alterative grounds for liability as to defendant AS & W, LLC. The Court granted the motion, and plaintiffs filed a Second Amended Complaint. The allegations in the Second Amended Complaint are nearly identical to the two prior complaints, however, the Second Amended Complaint is against AS & W, LLC only, and it alleges that this defendant is liable for the withdrawal liability of Acorn Stair because AS & W, LLC and Acorn Stair are members of a "common control group," or in the alterative, AS &W, LLC is an "alter ego" of Acorn Stair. In the Second Amended Complaint

plaintiffs seek $19,302.00 in withdrawal liability, plus interest, unspecified liquidated damages, attorneys' fees, and costs against defendant AS & W, LLC.

Despite being represented by counsel, defendant AS & W, LLC never answered or otherwise responded to plaintiffs' Second Amended Complaint. Plaintiffs filed a motion for the entry of clerk's default against defendant AS & W, LLC – a motion which defendant AS & W, LLC did not oppose. The clerk of court entered default against defendant AS & W, LLC, pursuant and Rule 55(a) of the Federal Rules of Civil Procedure on October 24, 2016.

Following the entry of default, defense counsel moved to withdraw as counsel. In their one-page motion, attorneys Randall Grady and Joseph D. Schneider state that AS & W, LLC had failed to "substantially fulfill obligations" and "uphold communications with movants." Doc. 40 at 1. The motion also states that the clerk of court has entered default against AS & W, LLC and, therefore, "the movants can withdraw without adversely affecting [AS & W, LLC]'s material interests." Id. Defense counsel represent in their certificate of service that a copy of the motion to withdraw was sent to defendant AS & W, LLC.

Plaintiffs filed a motion for the entry of default judgment against defendant AS & W, LLC pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion is supported by affidavits and exhibits. Defendant AS & W, LLC, which is still represented, did not oppose the motion for the entry of default judgment, and the time to do so has long expired. No other attorney has entered an appearance on behalf defendant AS & W, LLC.

*Discussion*

## I.      Motion to Withdraw

The law does not permit a corporate defendant to proceed pro se, Ackra Direct Mktg. Corp.

v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996), and the Court generally will not allow an

attorney to withdraw when no other attorney has entered an appearance.  Normally after counsel for

a corporate defendant files a sufficiently supported motion for leave to withdraw as counsel, the

Court will impose a withdrawal period in order to allow the corporate defendant time to find

substitute representation.  See, e.g., Carpenters' Dist. Council of Greater St. Louis v. Evans

Concrete, Inc., No. 4:08-CV-49 CAS, 2008 WL 5191338, at *3 (E.D. Mo. Dec. 10, 2008).  The

corporate defendant is warned that if it fails to obtain substitute counsel, the Court will consider the

defendant to be in default. Id.

In this case, defense counsel filed a one-page motion with no attached affidavits or even

explanation as to how defendant AS & W, LLC, failed to fulfill its obligations, what attempts were

made to continue communications with defendant, or whether defendant was warned that the motion

to withdraw was being filed.  Normally, the Court requires more factual information before granting

an attorney's motion to withdraw.[1]  What is more, the penalty the Court uses to encourage corporate

defendants to obtain substitute counsel has already occurred – defendant AS & W, LLC was in

default when the motion for leave to withdraw was filed.  Although they still represented AS & W,

LLC, defense counsel did not oppose the motion for the entry of default, and they did not file an

_____

[1]Although the motion was terse and without factual support, the Court has no reason to doubt counsel's assertions. Defendant AS & W, LLC and its officers, Lawrence E. Pecor, III and Lawrence E. Pecor, IV, have dragged their feet during the entire course of this litigation.  It would not come as a surprise to the Court if their refusal to cooperate with counsel is just another tactic to delay these proceedings.

opposition to the motion for the entry of default judgment. If the Court were to grant the motion to withdraw, defendant AS &W, LLC would be a pro se litigant in this Court, which is not allowed, and the imposition of a withdraw period would only delay matters further. The Court will deny as moot defense counsel's motion for leave to withdraw because defendant AS & W, LLC has already defaulted, and as detailed below, plaintiffs are entitled to the entry of default judgment against defendant AS & W, LLC.

## II.      Motion for the Entry of Default Judgment

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2016); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp, 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations plaintiffs make in their Second Amended Complaint as true, except for those allegations as to the amount of damages. Under the facts as alleged in the Second Amended Complaint, the Court finds plaintiffs are entitled to default judgment against defendant AS & W, LLC for withdrawal liability.

Acorn Stair was an employer within the meaning of ERISA, 29 U.S.C. § 1002(5), and the LMRA, 29 U.S.C. §§152(2), (6) and (7). The Pension Trust is an employee benefit plan within the meaning ERISA, 29 U.S.C. §§ 1002(1), (3), (37), 1132 and 1145. Acorn Stair was obligated to contribute to the Pension Trust under a collective bargaining agreement and applicable labor law. During the plan year ending April 30, 2011, Acorn Stair experienced a partial withdrawal from the Pension Trust. Acorn Stair was dissolved as a Missouri corporation for failure to file its annual report, but the company's officers continued to conduct business in the name of Acorn Stair after its corporate dissolution.

Employers that withdraw from a defined benefit pension fund are required to pay withdrawal liability pursuant to the MPPAA if the fund has unfunded vested benefits. 29 U.S.C. § 1381, et seq. A "partial withdrawal" occurs, inter alia, if "the employer permanently ceases to have an obligation to contribute under one or more but fewer than all collective bargaining agreements" and continues to perform work. 29 U.S.C. §1385(b)(2)(A)(i). The amount of an employer's withdrawal liability is determined by a plan's trustees, who must employ the statutory formula provided in 29 U.S.C. §§ 1381(b) and 1391. Local Union 513 Pension Fund v. Susie's Constr., Inc., No. 4:15-CV-01322 JAR, 2016 WL 4036908, at *2 (E.D. Mo. July 28, 2016) (citing 29 U.S.C. §§ 1391(b), 1391). Once an employer's withdrawal liability is calculated, the plan sponsor is to notify the employer of the amount of liability and make a demand for payment. 29 U.S.C. §§ 1382, 1399(b)(1).

According to the Second Amended Complaint, Acorn Stair was assessed with partial withdrawal liability of $19,302.00, and it received written notification of the fact. Under the statute, Acorn Stair had the right to request a review or initiate arbitration of the withdrawal liability assessment. 29 U.S.C. §§ 1399, 1401. Acorn Stair did not request a review or initiate arbitration of the assessed withdraw liability and, therefore, it has waived substantive defenses to liability. See, e.g., Vaughn v. Sexton, 975 F.2d 498, 502 (8th Cir. Mo. 1992) ("by [defendants'] failure to request arbitration, they have waived it as a defense to payment."). If the employer fails to demand arbitration, the "amounts demanded by the plan sponsor . . . shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection." 29 U.S.C. § 1401(b)(1). As of this date, Acorn Stair has not paid the assessed withdrawal liability that is due and owing.

Under the facts alleged in the Second Amended Complaint, AS & W, LLC is part of a common control group with Acorn Stair. The Second Amended Complaint alleges that Lawrence Pecor, III owned the majority of Acorn Stair, and he is the owner of defendant AS & W, LLC. Acorn Stair ceased operations in the third quarter of 2013, and defendant AS & W, LLC was created in June 2013. The new company continues to do the same work as Acorn Stair. Defendant AS & W, LLC is part of a common control group with Acorn Stair by virtue of the ownership interest in each by Lawrence Pecor III. The MPPAA provides that all trades and businesses under common control are treated as a single employer, 29 U.S.C. §1301(b)(1), and as such, defendant AS & W, LLC is jointly and severally liable for the assessed withdrawal liability of Acorn Stair. See, e.g., Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing, 950 F.Supp. 1454, 1467-1468 (E.D. Mo. 1996) affd. 141 F.3d 1167 (8th Cir. 1998). See also Teamsters Pension Tr. Fund-Bd. of Trustees of W. Conf. v. Allyn Transp. Co., 832 F.2d 502, 507 (9th Cir. 1987); Connors v. Calvert Dev. Co., 622 F. Supp. 877, 880 (D.D.C. 1985). Furthermore, notice of withdrawal liability assessment to one member of a common controlled group is constructive notice to other members of the group. Central States, Se. & Sw. Areas Pension Fund v. Slotky, 956 F.2d 1369, 1375 (7th Cir. 1992); Allyn Transp. Co., 832 F.2d at 507; I.A.M. National Pension Fund v. TMR Realty Co., Inc., 431 F. Supp. 2d 1, 13 (D.D.C. 2006).

After reviewing the affidavits and exhibits that were submitted in support of plaintiffs' motion for default judgment, the Court further finds that plaintiffs have established that defendant AS & W, LLC is liable for $19,302.00 in withdrawal liability, plus interest, for a total liability of $19,594.31.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant AS & W, LLC, is **GRANTED**.  [Doc. 41]

**IT IS FURTHER ORDERED** that judgment is entered against defendant AS & W, LLC for a total of Nineteen Thousand Five Hundred Ninety-Four Dollars and Thirty-One Cents ($19,594.31).

**IT IS FURTHER ORDERED** that Randall D. Grady, Joseph D. Schneider, and Riezman Berger, P.C.'s motion to withdraw as counsel for defendant AS & W, LLC is **DENIED as moot.** [Doc. 40]

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of September, 2017.